and we'll hear argument in the final orally argued matter on today's calendar, Riccardi v. United States 22004. Mr. Nelson. May it please the court. Your honors, good morning. Mr. Edelman, my name's Eric Nelson. I'm counsel to Mr. Riccardi. Richard Riccardi was granted a certificate of appealability pursuant to section 2255 by Judge Corman of the Federal District Court. Judge Corman had reviewed the report and recommendation and seemed to be troubled over the fact dealing with the issue of under 924C as to whether or not Mr. Riccardi was convicted of, he was convicted for both the conspiracy to commit the Hobbs Act and also a Hobbs Act violation. And Judge Corman was troubled, although he ultimately found that and determined based upon a specific case approach that since Mr. Riccardi was convicted under count for dealing with the use of violence and the use of a firearm, therefore the jury must have convicted him under the Hobbs Act robbery as opposed to the conspiracy to commit the Hobbs Act. Mr. Mr. Nelson. Yes. Yes, that contested the government's argument that Mr. Riccardi procedurally defaulted his claim here. Do you concede that there was a procedural default? Your Honor, yes, I do concede that. Your Honor, in this particular case, our argument in our brief and our submission was based upon the Yates issue and based upon the United States Supreme Court determination decision as to whether or not. So, Mr. Nelson, let me let me then follow up. Yes. And just focus on the requirement that Mr. Riccardi needs to show actual prejudice resulting from his procedural default to avoid a bar to his firearms offenses rested solely on the Hobbs Act robbery conspiracy predicate and that also on the substantive Hobbs Act robbery charge? Your Honor, I cannot determine. I know both charges were submitted to the jury and I and I think that's what the issue is, whether or not it was based upon a conspiracy or the Hobbs Act theory itself, Your Honor. And I believe that's what the issue was. Well, I know, I know what the issue is. That's, that's why I framed the question in the way that I did. I'm asking, I'm asking a question about how to resolve that issue. Is there any possibility that the challenge firearms offenses rested solely on the Hobbs Act robbery conspiracy predicate and not also on the substantive Hobbs Act robbery charge? Your Honor, the, the theory in this particular case was that Mr. Riccardi was, was not the shooter in this particular matter. So I would submit to the court that it could have rested on a Hobbs Act conspiracy or on the Hobbs Act itself. Didn't the jury make a specific finding that the firearm was discharged in connection with the 924 C count? And why doesn't that show that the conviction rested on the substantive Hobbs Act robbery? The jury did find that, Your Honor. But doesn't that show, doesn't that go to the actual prejudice question and point us towards the, the, the extreme likelihood, if not certainty, that the jury rested the firearm conviction on the substantive Hobbs Act robbery, maybe in addition to the conspiracy, but at least on the substantive, since they found that the firearm was, was discharged? Your Honor, under that analysis, that is correct. However, I do point out that in Davis itself and in other cases, courts have grappled with the issue as to what approach to take. And I submit to the court that the, the court more cautious approach and the, and the approach in, with, with in favor of, of Mr. Riccardi. And, and I say it in the sense of, with him getting the, the benefit of the fact that it's still difficult to determine whether or not it's based upon the Hobbs Act conspiracy or the Hobbs Act. Well, let me, let me ask you this. Didn't the district court here explicitly instruct the jury that count one charges a conspiracy to commit the robbery charge in count two? Yes. And isn't that pretty determinative? If they follow, if we assume that they followed that instruction? Yes, Your Honor. But, but again, there's the it's presumed that they have followed the instruction in this particular matter, but I still think it's troubling. And I still believe it was troubling to Judge Corman. The fact that he was, that the Hobbs Act conspiracy cannot be a predicate on the 924C. Well, maybe, let me ask a question. And I don't know if this is what Judge Cronin was getting at. If there's a finding that the gun was discharged, right? So that means the jury concluded that, that robbery actually happened, right? That there was an actual shooting. This isn't the main difference between the Hobbs Act conspiracy and the substantive robbery here, whether it was carried out or whether it was just a plan to carry it out, right? Because you could have a conspiracy that doesn't come to pass, that doesn't achieve its objective. But once we know from the jury's finding that a gun was fired, isn't that an exceptionally strong indication that in the jury's mind, the robbery did occur. It didn't just stop at the agreement stage. Yes, Your Honor. And you do have two individuals who were charged in this particular indictment. So you have the co-defendant who conceivably could have been convicted of the actual discharge. And then you have a situation where Mr. Riccardi, who conceivably could have been convicted of the 924C based upon the Hobbs Act conspiracy, since he was not the shooter in this particular case. Can I ask you the other half of procedural default? Because you conceded, obviously he didn't raise this direct appeal previously. The defendant would have to show not just These categorical approach cases have been floating around for years. And I'm not aware of any case saying that you are excused from raising a claim before the district court in your original proceeding, just because it has never yet met with success. Somebody's got to be the first one to raise a claim that wins, right? So tell me how your client can demonstrate cause, justifiable cause, for not having raised this earlier. My response to that, Your Honor, is the fact that there were different opinions within the circuits as to whether or not this issue on the 924C can be raised. And I believe the cases that initially dealt with ACCA, I believe were the first cases that dealt with it. And it was not applied until later on with the 924C. I know, but I guess my point is, even if they were binding precedent in the circuit, in our court, the Supreme Court had not ruled on that, right? And plenty of people will still raise those claims before the district court and before our court to preserve the issue for review by the Supreme Court and petition for cert. As I said, my understanding is that futility, in terms of circuit precedent, is not an excuse that gives you just cause for failing to raise an issue. I guess, how do you deal with that? Or am I just wrong that, in your view, there is no such case law about the futility? Judge, I'm not saying you're incorrect on it, but again, I came into this, and as one of the other judges pointed out, I was not a public counsel on this. I was not his trial court. I don't mean to fault you in any way. No, no, I understand that. The way things have played out. Your Honor, I just don't have a response to that. Okay. Thank you, Your Honor. If there are no further questions, I've, you know, my remarks are concluded and I do thank the court for the time and patience. Thank you, Mr. Nelson. Thank you for your candor. Thank you. We'll hear from the government. Mr. Edelman. Good morning, Your Honors. May it please the court, Keith Edelman for the United States. As defense counsel conceded, this claim of Davis error, or at the time would have been constitutional error, was procedurally defaulted, and therefore the petitioner has to show both cause and actual prejudice in order to merit the petition being granted. We've argued here that the petitioner cannot show actual prejudice in light of the clear facts in this case showing that although the section 924C count was predicated on both the conspiracy and the substantive offense, there is no likelihood that the jury's determination rested solely on the conspiracy offense and not also on the substantive offense. For one thing, as Your Honors noted, the jury explicitly found that the firearm was discharged in finding a section 924C violation. Although I guess one could hypothesize circumstances in which a firearm is fired only in furtherance of a conspiracy, here every indication was that the firearm was fired during the course of the actual robbery and murder of James Donovan. Mr. Donovan was stopped. He's tried to run away. He was shot. And then a co-conspirator picked up the money and cash and they took off. So in addition to that jury finding, Mr. Riccardi was in fact convicted of the Substantive Hobbs Act robbery offense. That is further strong indication that the 924C offense rested on the substantive offense. Third, on direct appeal, there was actually a challenge to the fact that the jury instructions did not specifically define what a robbery was. And in rejecting that challenge, this court held in the summary order affirming conviction that, quote, the evidence that property was taken from Donovan was overwhelming and essentially uncontroverted. That's a 620 Fed Appendix at 14. Another indication that the substantive robbery also predicated the jury's finding. How was the evidence overwhelming here? It seemed like it was largely the testimony of one cooperating witness and then facts that may or may not have strongly implicated Mr. Riccardi. There was a robbery that occurred. Guns were recovered from his residence, but it doesn't sound like any of those guns were used in the robbery. He made a statement, but he didn't admit to participating in the robbery. So can you explain why the evidence was so overwhelming here? Sure. And just to be clear, I think the quotation that I quoted, the overwhelming nature of the evidence is that property was taken, not just that there was, say, a scheme where there was no actual property taken. So that's the overwhelming nature of the evidence here. There was no argument before the jury that property wasn't actually taken from Mr. Donovan. But as to the actual evidence of the charge, obviously a sufficiency challenge has long come and gone. But here, Mr. Riccardi did identify himself in a surveillance photograph. The still of the video was of Mr. Riccardi a little bit a ways, acting as the cooperator testified in the crash car. So he put himself at the scene of the crime. Obviously, the cooperator testimony can obviously be challenged, but at this stage, the jury is entitled to consider that. And the fact that he had access to firearms, although it was not the specific firearms, Judge Gleason permitted that as 404B evidence, another ruling that was challenged on appeal, but affirmed by this court. So the overwhelming aspect is that there was actually property taken and is relevant here, meaning that the substantive offense was one of the predicates for 19. Thank you. That's helpful. And also, Mr. Elliman, what should we infer from the conviction on count for the 924J conviction? What do you ask us to read into that conviction with respect to the issue of prejudice? What I would submit, Your Honor, is that the fact that the jury found that Mr. Donovan was in fact murdered, I think is further indication that a substantive robbery took place. I would submit that, again, perhaps someone can be killed in the course of just a Hobbs Act conspiracy. But if someone is actually killed and the murder has actually been proven to the jury, that's a further indication that the actual robbery took place itself, not just what this is in the planning stage and the conspiracy stage. So I think that's another reason why the petitioner has not met his burden to prove any prejudice from the failure to raise the claim on direct appeal. Mr. Edelman, these kind of cases, these Davis cases are coming up with some frequency and different procedural postures. In your view here, is there any analytical difference between our analysis of prejudice under the cause and prejudice problem? And if we were to get to the merits and assuming we determine there was a Yates error, determining whether that Yates error was harmless. Is that is my question clear? It is. And I submit it's a it's a tough question to answer. And I think where I have come at is I don't think there is any actual analytical difference. They're both getting at the same sort of the same point was what was the harm here? Either in terms of not raising it as whether there's prejudice, cause and prejudice, or what was the harm in it on the merits and harmlessness? So your view is if we reach the merits, the fact that the jury found Mr. McCarty guilty beyond reasonable doubt of the Hobbs Act robbery predicate is enough to show harmlessness. Yes. In addition to all the other facts, all the arguments I just made as to procedural prejudice under procedural default, I think apply just as strongly on the merits to to harmlessness. And I think I know the answer to this, but just as a follow up to just Nardini's question, I want to make sure, does it matter from the government's perspective whether we affirm on the issue of procedural default on the merits? It does not. This isn't a jurisdictional issue where one issue has to be decided first. I don't believe. And so it doesn't matter to the government. I think the court is can do so on either in either sense. And and just because we've got you here, I am interested. And maybe this is the same answer. I don't know. Under whether we look at the prejudice prong of causing prejudice or the harmlessness, given that we are in a twenty two fifty five and not a direct appeal. Is it your view that we're looking at the Chapman? Let's be on a reasonable doubt standard for harmlessness. Or are we looking at Kodiakos and the substantial and injurious effect on the verdict? I believe would be on the former. Yes. And Chapman, again, I submit it doesn't in terms of this case doesn't matter. But but procedurally and I guess theoretically, I would submit it's under Chapman. And I think that is how the Supreme Court, for instance, in scaling has said how Yates error, et cetera, to harmlessness review. And I think the harmlessness that it's implying there is this sort of the more normal Chapman type analysis. So that's why I don't think it changes, given that we're on a collateral attack as opposed to a direct appeal. That's my question, because I understand why you would take the view on a direct appeal that you'd look at Chapman, because it's assuming it's preserved and it's a constitutional error. You look at Chapman and I don't know. I'm just curious whether that changes at all when you're on twenty to fifty five. We're not twenty to fifty four. It's not a state conviction. I admittedly have not thought this all the way through your honor. My sense is if you're getting to the merits of the constitutional claim, I don't know if there's if the habeas context matters at that stage. If you're through procedural default, you're you're now just reviewing. Was there a constitutional error or not? I think it'd be the same analysis and direct appeal. If the issue is the same squarely presented in the same way. And in effect, I think that's right. OK, that's helpful. Thank you. Interesting. Anything else? No, your honor. Unless you have any other questions, we'll submit the rest of our time. OK, thank you, Mr. Nelson. You did not reserve any time for a bottle, but we appreciate your time. The case is submitted and that concludes today's oral argument calendar.